**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1441-20

WILLIAM J. ENGELHARDT, JR.,

    Plaintiff-Appellant,

v.

DIANA ENGELHARDT,

    Defendant-Respondent.

_____

            Submitted September 13, 2021 – Decided September 17, 2021

            Before Judges Sumners and Vernoia.

            On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-0658-04.

            William J. Engelhardt, Jr., appellant pro se.

            Respondent has not filed a brief.

PER CURIAM

    Plaintiff William J. Engelhardt, Jr., appeals from a December 18, 2020

Family Part order denying his motion for reconsideration of an October 27, 2020

Family Part order modifying his alimony obligation to his former spouse, defendant Diana Engelhardt.[1] Based on our review of the record, we reverse the court's order denying plaintiff's motion for reconsideration, vacate in part the court's order modifying plaintiff's alimony obligation, and remand for further proceedings.

I.

Plaintiff moved for termination or modification of his alimony obligation based on a reduction of his income following his retirement. The Family Part granted the motion in part, entering an order reducing plaintiff's alimony obligation from the $550 weekly amount set forth in the parties' 2005 judgment of divorce to $250 per week.[2] Plaintiff appealed from the order, arguing the court erred by considering his retirement account, and the income earned from the account, in its calculation of the modified alimony obligation because he received the account as part of the equitable distribution of property in the divorce. Engelhardt v. Engelhardt, No. A-1183-18 (App. Div. Feb. 24, 2020) (slip op. at 10).

---

[1] Defendant did not participate in this appeal.

[2] Plaintiff's motion sought other relief not relevant to this appeal.

We found the court erred by modifying plaintiff's alimony obligation without precisely determining the amount of plaintiff's income from the retirement account and the increase in the account's value of the account that are attributable to the post-divorce account contributions.[3] Id. at 12-13. We remanded for the court "to particularize those values, how the court derived same[,] and how they factored into the final alimony award." Id. at 13. We did not "express an opinion regarding the ultimate [alimony] award, leaving that determination to the court's good discretion." Ibid.

On remand, the parties relied solely on the original motion record. In an October 27, 2020 written decision and order, the court found plaintiff's retirement account had a value of approximately $160,000 when he filed for divorce, and defendant received one-half the value of the account, approximately $80,000, in equitable distribution. The court also found plaintiff left those monies in the retirement account following the divorce, and that

---

[3] Plaintiff also argued on appeal that the court erred by failing to consider or address the statutory factors under N.J.S.A. 2A:34-23(j)(3) pertinent to the determination of a motion for termination or modification of alimony based on a supporting spouse's retirement. We rejected plaintiff's argument, finding the Family Part "analyzed each factor of the statute, and detailed its findings of fact, recounting the parties' testimony, in determining the alimony award." Id. at 5 (footnote omitted).

periodic, additional contributions were made to the account until plaintiff retired.

The remand court considered the post-divorce contributions made to the account, as well as the dividends earned and annualized rates of return on the monies in the account. The court determined $158,864 of the account's balance is attributable to plaintiff's equitable distribution share and the income earned on that share following the divorce, and therefore that sum could not be properly considered in the calculation of plaintiff's alimony obligation. See Innes v. Innes, 117 N.J. 496, 505 (1990) ("When a share of a retirement benefit is treated as an asset for purposes of equitable distribution, the court shall not consider income generated thereafter by that share for purposes of determining alimony."); see also N.J.S.A. 2A:34-23(b) and (j)(3).

The court found the account's remaining $62,280 balance is attributable to post-divorce contributions to the account and income earned on those contributions. Thus, the court determined $62,280 was "eligible" for consideration in the calculation of plaintiff's alimony obligation to defendant. See Steneken v. Steneken, 367 N.J. Super. 427, 437-38 (App. Div. 2004) (explaining "a supporting spouse's pension may be considered for purposes of alimony to the extent that post-divorce earnings enhance its value"). The court

apportioned the $62,280 over a ten-year period, and concluded plaintiff had $6,228 per year, or $519 per month, in income attributable to the post-divorce contributions to his retirement account "available for alimony." The court stated it intended "to utilize the entire $519.00 towards the alimony obligation."

The court then calculated plaintiff's alimony obligation based on the following findings. The court found plaintiff's gross income is comprised of a $2,663 social security benefit, and defendant's gross monthly income is $1,577, which consists of a $1,127 social security benefit and $450 per month in wages. The court concluded "[t]his yields a difference of $1,085.00 in favor of . . . [p]laintiff." Although not detailed by the court, we discern the "difference" to which the court referred is between what it determined to be plaintiff's gross monthly income of $2,663 and defendant's gross income of $1,577.[4]

In its determination of plaintiff's alimony obligation, the court stated it "feels that the difference should be apportioned [sixty percent] in favor of . . . [p]laintiff and [forty percent] in favor of . . . [d]efendant." The court then concluded "the amount of alimony available for the obligation from [plaintiff's] income and retirement assets is a total of $953.00 per month which equates to

---

[4] We note that the actual difference between $2,663 and $1,577 is $1,086.

$220.00 per week." The court added to that amount $25 per week in alimony based on plaintiff's "other assets, including [his] savings."[5] In its October 27, 2020 order, the court directed that plaintiff pay defendant modified alimony of $250 per week, and noted the modified amount resulted in a fifty-five percent reduction in plaintiff's alimony obligation.[6]

Plaintiff moved for reconsideration of the court's order. In support of the motion, plaintiff did not challenge the court's calculation of the parties' respective incomes, its determination that he receives $519 per month in income attributable to post-divorce contributions to his retirement account, or its finding the alimony adjustment should be based on a sixty-forty split in his favor of the difference between the parties' incomes. Instead, plaintiff asserted the court made mathematical errors in its application of its findings and determinations.

---

[5] The court's opinion contains a typographical error. The opinion states "that given the other assets including [d]efendant's savings, he can assimilate the extra $25.00 per week." The reference to defendant, however, is clearly intended as a reference to plaintiff.

[6] As noted, the court's findings included determinations plaintiff should pay defendant $220 per week based on the income differential between the parties, and an additional $25 per week based on plaintiff's assets. Those amounts total $245 per week, and not the $250 per week the court ordered. The court did not explain the basis for the additional $5 per week incorporated into plaintiff's alimony obligation.

A-1441-20

Plaintiff argued the court erred by failing to include the $519 monthly income from his retirement account in its calculation of his gross income. Plaintiff claimed that, as a result of the error, the income differential the court used to determine alimony was calculated inaccurately and he lost the full benefit of the sixty-forty split of the income differential the court found should be applied in his favor. More particularly, plaintiff argued the court determined the income differential between the parties was $1,085 based on the difference between plaintiff's $2,663 monthly social security income and defendant's $1,577 income. Plaintiff reasoned that if the court included his $519 monthly income from his retirement account, his gross income is $3,182 and the difference between his income and defendant's is actually $1,605.

Plaintiff further contended that since the court determined the sixty-forty split of the income differential should be applied in his favor, he should have been ordered to pay only forty percent of $1,605, or $642 monthly, and $148 weekly, in alimony based on his income. Plaintiff argued the court inaccurately calculated the differential without inclusion of the $519 income he receives from the retirement account, and that the court later added the entire $519 amount to his monthly alimony obligation without making any allocation of that amount in his favor based on the sixty-forty split.

Plaintiff further contended the court's errors incongruously result in defendant's receipt of a gross monthly income, including alimony, of $2,660.33, with plaintiff's income—after paying alimony—reduced to only $2098.67.[7] Plaintiff argued the court's errors "flip[] [the parties'] incomes to the point where . . . defendant is earning more and netting more than [plaintiff] on a monthly basis," thereby "discounting [his] good faith retirement while actually putting [him] in a worse financial position than . . . defendant." Plaintiff requested that the court reconsider its October 27, 2020 order, include the $519 in retirement income in the calculation of the parties' income differential, and set his modified alimony obligation at $150 per week.[8]

---

[7] The court's weekly alimony award of $250 totals $13,000 annually and $1,083.33 monthly. Plaintiff notes that after paying defendant $1,083.33 each month, his gross income of $3,182 is reduced to $2,098.67, and defendant's income, including social security ($1,127), her monthly wages ($450), and alimony ($1,083.33), totals $2,660.33.

[8] A $150 weekly alimony obligation totals $7,500 per year and $625 per month. Acceptance of plaintiff's argument would result in a net income to him, after payment of alimony, of $2,557 ($3,182 – $625 = $2,557), and a gross income to defendant of $2,202 ($1,577 + $625 = $2,202). Plaintiff argued a $150 weekly payment is not only appropriate after the court's mathematical errors are corrected, but it is also fair and equitable because he earns much more than defendant, and a $150 per week alimony payment results in an allocation of fifty-three percent of the parties' total income to him and forty-seven percent to defendant.

A-1441-20

In its December 18, 2020 order, the court denied plaintiff's motion, finding reconsideration inappropriate because plaintiff sought only to reargue the issues decided by the court following our remand. The order also denied plaintiff's request that his alimony obligation be reduced to $150 per week. This appeal followed.

## II.

Plaintiff's notice of appeal only challenges the court's December 18, 2020 order denying his reconsideration motion, and his arguments on appeal are directed to the court's denial of that motion. "We review 'only the judgment or orders designated in the notice of appeal,'" Kornbleuth v. Westover, 241 N.J. 289, 298-99 (2020) (quoting 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004)), and therefore limit our analysis to the court's order denying plaintiff's motion for reconsideration, id. at 299 (noting "the commentary to Rule 2:5-1 provides that 'if the notice [of appeal] designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed'" (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 6 on R. 2:5-1(e)(1) (2020)).

"[A] motion for reconsideration 'is not properly brought simply because a litigant is dissatisfied with a judge's decision, nor is it an appropriate vehicle to supplement an inadequate record.'" Guido v. Duane Morris LLP, 202 N.J. 79, 87 (2010) (citation omitted).  Rather, a motion for reconsideration "is primarily an opportunity to seek to convince the court that either 1) it has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence." Kornbleuth, 241 N.J. at 301 (quoting Guido, 202 N.J. at 87-88).  "[T]he aggrieved party [must] 'state[] with specificity the basis on which [the motion for reconsideration] is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred.'" Ibid. (fourth alteration in original) (quoting R. 4:49-2).

"We will not disturb the trial court's reconsideration decision 'unless it represents a clear abuse of discretion.'" Ibid. (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).  "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 302

(quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).

In his pro se brief, plaintiff reprises the arguments he made to the motion court. He claims the reconsideration motion should have been granted because the court made a mathematical error in its calculation of the difference between his income and defendant's by failing to include his $519 monthly retirement benefit in his gross income. He also contends the failure to include the benefit in his gross income resulted in a miscalculation of the income differential the court used to determine the modified alimony obligation.

We agree the court was required to include plaintiff's receipt of the $519 monthly retirement benefit in its calculation of the income differential between plaintiff and defendant. That benefit, as determined by the court, constituted part of plaintiff's gross income. Indeed, we remanded the matter for the express purpose of having the court precisely determine the amount of income from the retirement account so it could be properly considered in the calculation of plaintiff's alimony obligation and defendant's entitlement, if any, to alimony following plaintiff's retirement. See Engelhardt, (slip op. at 13).

The court did not fully detail the calculations it employed to determine plaintiff's alimony obligation, and its initial opinion following our remand

includes statements suggesting it did not include the $519 in its calculation of plaintiff's monthly income and did not apply the sixty-forty split of the income differential to the $519. For example, the court stated it was its "intention to utilize the entire $519 towards the alimony obligation," and, when addressing the income differential, the court referred only to the difference between . . . plaintiff's monthly social security income ($2,663) and defendant's income from social security and her wages ($1,577).

We are not persuaded those statements establish the court failed to consider plaintiff's monthly retirement benefit in its calculation of his gross income and the income differential between the parties. Simple mathematics demonstrate that, as a matter of fact, the court included plaintiff's $519 monthly retirement benefit in the calculation of his gross income, the income differential, and the sixty-forty split the court applied to determine the alimony amount. With $519 in retirement income and $2,663 in social security benefits included, plaintiff's monthly gross income is $3,182. As noted, defendant's gross income is $1,577. Thus, the monthly income differential between plaintiff and defendant is, as plaintiff contends, $1,605. Sixty percent of $1,605 is $963, and forty percent of $1,605 is $642.

12

The court found plaintiff's modified alimony obligation based on his income to be $953 per month, and it concluded that equated to $220 per week. We are convinced the court's opinion includes either a typographical error or a mathematical error in setting forth the monthly alimony amount, and that the court intended to establish a modified alimony amount of sixty percent of the $1,605 differential between plaintiff's gross income, including the $519 in retirement income, and defendant's gross income. As noted, that amount is $963 per month, not the $953 amount we conclude the court erroneously referred to in its October 27, 2020 opinion and order. The $963 amount could only be a product of the court's inclusion of plaintiff's $519 monthly retirement benefit in its calculation of plaintiff's gross income and the income differential the court used to determine the modified alimony.[9] We reject plaintiff's argument to the contrary.

Plaintiff raises an additional issue that requires a remand to the motion court. Plaintiff correctly notes the court's October 27, 2020 opinion and order states the sixty-forty split of the income differential between the parties shall be

[9] Based on its misstatement concerning the monthly alimony amount, it appears the court also erred by finding the weekly amount, based on the parties' incomes is, $220 per week. As noted, sixty percent of a $1,605 income differential is $963. A $963 monthly alimony obligation totals $11,556 annually, and $222.23 weekly.

in his favor. In its determination of the alimony obligation, however, the court directed that plaintiff pay sixty percent of the income differential to defendant as modified alimony. That is hardly in plaintiff's favor; it clearly favors defendant. As plaintiff details in his brief on appeal, if the sixty-forty split is applied in his favor, he will be required to pay only forty percent of the $1,605 income differential, or $642, in monthly alimony based on his income. That equates to $148.15 per week. In his motion for reconsideration, plaintiff requested that the court correct its misapplication of the sixty-forty split and enter an order modifying his alimony obligation to $150 per week.[10]

We are convinced the court abused its discretion by denying plaintiff's reconsideration motion. The October 27, 2020 order, which plaintiff requested the court reconsider, contains a clear error in the determination of plaintiff's modified alimony obligation. The court erred either by failing to apply the sixty-forty split in plaintiff's favor as it stated it would, or by incorrectly stating it

---

[10] In his reconsideration motion plaintiff sought, and on appeal plaintiff seeks, entry of an order providing a $150 weekly alimony obligation. Plaintiff's request is founded solely on his challenge to the court's application of the sixty-forty split of the income differential. He does not challenge the court's award of the additional $25 per week based on his assets. See Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining an issue not addressed in a party's merits brief is deemed waived).

would apply the split in plaintiff's favor, and then erroneously applying the split in defendant's favor.

Because it is not possible to determine which of the two errors the court committed, we reverse the court's December 18, 2020 order denying plaintiff's reconsideration motion and remand for the court to reconsider its October 27, 2020 order by resolving the conflict created by its statement the sixty-forty split would be applied in plaintiff's favor and its application of the split in defendant's favor. The court shall make findings of fact and conclusions of law supporting its decision, and enter an order establishing plaintiff's modified alimony obligation. R. 1:7-4. On remand, the court shall also correct the mathematical errors in its calculation of the alimony obligation.[11]

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[11] As noted, plaintiff did not seek reconsideration of that portion of the October 27, 2020 order awarding defendant $25 per week in alimony based on plaintiff's assets. As a result, the remand court shall not reconsider that portion of the modified alimony it ordered on October 27, 2020.

A-1441-20